IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

COALITION FOR CITIZEN LEGISLATURE, INC., and DUNCAN SCOTT,

      Plaintiffs,

v.                                 No. CIV 98-1322 BB/LCS

STATE OF WISCONSIN ELECTIONS BOARD,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

**THIS MATTER** is before the Court on the motion to dismiss filed by the of Defendant, State of Wisconsin Elections Board; the motion being well advised, it will be Granted.

### Discussion

**I. Plaintiffs' Claims**

Plaintiff, Coalition for Citizen Legislature ("CCL"), is a non-profit, public interest organization located in Albuquerque, New Mexico. Plaintiff, Duncan Scott, is the president of CCL. Defendant, State of Wisconsin Elections Board,

is a state administrative body charged with the responsibility of enforcing Wisconsin's election laws.

Plaintiffs filed this lawsuit against Defendant claiming its enforcement of Wisconsin's Campaign Finance Law unconstitutionally regulates Plaintiffs' ability to advocate term limits for elected officials. Under the provisions of Wisconsin's Campaign Finance Law that Plaintiffs challenge, Plaintiffs must comply with the State of Wisconsin's reporting and spending regulations if they engage in any candidate advocacy in Wisconsin elections. Plaintiffs argue the United States Supreme Court held such issue advocacy could not be regulated in *Buckley v. Valeo*, 424 U.S. 1 (1976) (*per curiam*), and seek a declaration that the challenged provisions of Wisconsin's Campaign Finance Law are unconstitutional under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

## II. Eleventh Amendment

Defendant initially contends the Eleventh Amendment, U.S. Const. amend. XI, prohibits direct suit against the Elections Board as a Wisconsin state agency. Apparently recognizing the validity of Defendant's position, Plaintiffs seek to amend their complaint to name the members of the State of Wisconsin Elections

Board so as to bring the claim within the ambit of *Ex parte Young*, 209 U.S. 123 (1908). In light of the Court's finding that it lacks personal jurisdiction, such an amendment would not be productive and the issue is moot.[1]

III. <u>Minimum Contacts</u>

Plaintiffs allege that since they may wish to advocate for term limits, Defendant may determine such advocacy may be regulated under the Wisconsin Campaign Finance Law, and therefore Plaintiffs' First Amendment right to free speech is chilled. U.S. Const. amend. I. This position provides the Court subject matter jurisdiction over the claim but not personal jurisdiction over the Defendants.

It is apparently the Plaintiffs' position that since they are located in New Mexico and may engage in Wisconsin activities which may subject them to Defendant's jurisdiction and potential penalties under the Wisconsin law, Defendant is thus "transacting business" in New Mexico. Specifically, Plaintiffs maintain that "[b]ased on the Wisconsin Campaign Finance Law, specifically its registering and reporting requirements, the Defendant transacts business in New Mexico." Pltfs' Resp. at 13. Merely to state this proposition exposes its fallacy.

---

[1] For the same reason, this Court does not consider the alleged defects in Plaintiffs' service of process.

**Following Plaintiffs' "logic" Defendant would be subject to the long-arm jurisdiction of any state or country whose citizens may travel to Wisconsin to influence Wisconsin elections. Plaintiffs' argument would reverse the burden of long-arm jurisdiction to allow State A to reach out and ensnare the citizens of State B whenever the citizens of State A chose to travel to State B and influence its politics. The assertion of authority by a state for activities violating its own law does not subject that state to the jurisdiction of a second state merely because that authority is asserted over the citizens of the second state. *Marsh v. Kitchen*, 480 F.2d 1270 (2ᵈ Cir. 1973); *Chulchian v. Franklin*, 392 F. Supp. 203 (S.D. Ind. 1975), aff'd, 532 F.2d 757 (7th Cir. 1976). *Cf. City of Va. Beach, Va. v. Roanoke River Basin Ass'n*, 766 F.2d 484 (4th Cir. 1985) (Governor of North Carolina not "doing business" by testifying before federal agency in Virginia); *Twine v. Levy*, 746 F. Supp. 1202 (E.D.N.Y. 1990) (Washington attorney not "doing business" in New York because Washington court appoints attorney to represent New York resident in Washington litigation).**

**The sole case Plaintiffs cite in support of their position is inapposite. In *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988), the Texas museum attempted to avoid New Mexico's jurisdiction by arguing that, as**

a non-profit organization, it did not "transact business" anywhere. *Benally*, 858 F.2d at 621. The Tenth Circuit disagreed, concluding that the museum had established sufficient minimum contacts with New Mexico by "soliciting the devise of the Gilpin Collection, negotiating the terms of the collection's maintenance and exhibition, traveling to New Mexico to take possession of the collection, and invoking the benefits of New Mexico's laws of testamentary disposition." *Id.* at 626. Such conduct by the Carter museum is obviously distinguishable from Plaintiffs' claims, which allege no affirmative conduct by the Wisconsin Board against the Plaintiffs or, indeed, any other action with any other New Mexico citizen. Indeed, at this point it should be reiterated Defendant has taken no action at all affecting Plaintiffs. Rather, Plaintiffs allege they <u>may</u> wish to take positions which <u>may</u> impact Wisconsin elections and thus <u>may</u> run afoul of the Wisconsin Election Code and this <u>may</u> result in sanctions by Defendant.

IV. <u>Venue</u>

Defendant also challenges venue, arguing since no relevant action has taken place in New Mexico venue would not be proper in this state. *See* 28 U.S.C. § 1391(b). While the above discussion indicates the Court's likely disposition of

this issue, it is unnecessary to decide since this Court lacks personal jurisdiction over Defendant.

As an alternative to dismissal, Defendant asks this Court to transfer the case to the United States District Court for the District of Wisconsin. There is a division of authority on whether a court lacking personal jurisdiction over one of the parties can transfer such a claim. *Compare Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578 (M.D. Fla. 1991), *with Romann v. Geissenberger Mfg. Corp.*, 865 F. Supp. 255 (E.D. Pa. 1994). In any event, since Plaintiffs make no such request, a dismissal without prejudice appears more appropriate in the present context.

**O R D E R**

For the above stated reasons, this Court concludes it lacks personal jurisdiction over Defendant, and this case is DISMISSED.

Dated at Albuquerque this 20th day of April, 1999.

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**

> David A. Standridge, Jr., Albuquerque, NM

**Counsel for Defendant:**

> Karen E. Timberlake, Ass't Attorney General, Madison, WI